# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KISHA L. CHING,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 10-CV-572-FHM

## OPINION AND ORDER

Plaintiff, Kisha L. Ching, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 4, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Jeffery S. Wolfe was held April 6, 2009. By decision dated July 23, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 22, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 22 years old on the alleged date of onset of disability and 26 on the date of the decision. She has a high school education and formerly worked as child care worker, book department representative, cashier, and customer service representative. She claims to have been unable to work since July 23, 2005, as a result of panic disorder, anxiety, depression, pulmonary embolism, shortness of breath, and obesity.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the ability to perform light work with the additional limitation that she is moderately limited in her ability to be around the general public. [R. 23]. Plaintiff is unable to return to her past relevant work with this residual functional capacity (RFC). Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations of Error

Plaintiff asserts that the ALJ failed to include all of her impairments throughout the disability process; failed to propound a proper hypothetical question to the vocational expert; failed to perform a proper credibility evaluation; and failed to properly evaluate her obesity.

## Analysis

### Consideration of Concentration, Persistence, and Pace

Plaintiff asserts that the ALJ erred because, although he found at step 3 that Plaintiff had moderate limitations in concentration, persistence and pace, there were no such limitations included in the RFC or in the hypothetical questioning to the vocational expert. The ALJ's findings concerning concentration, persistence and pace were made at step three of the sequential analysis. The ALJ appropriately acknowledged in the decision that the findings made at step three are not an RFC assessment, rather they rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. [R. 23]. The ALJ stated that the RFC assessment reflects the degree of limitation found in the "paragraph B" mental function analysis. *Id*.

After the hearing the ALJ sent Plaintiff for a consultative mental examination and testing. Based on the testing he performed Dr. Gordon, the consultative examiner, expressed the opinion that Plaintiff was "not preclude[d] from being able to follow oral one and two step instructions," [R. 613], and she "should be able to perform some type of routine and repetitive task on a regular basis." [R. 614]. Dr. Gordon stated Plaintiff would also "be able to relate adequately with co-workers and supervisors on a superficial level

for work purposes." *Id.* The ALJ relied on Dr. Gordon's opinions finding that, apart from Plaintiff's testimony, Dr. Gordon's findings were uncontradicted. [R. 28].

However, at the hearing the only mental limitation included in the hypothetical question posed to the vocational expert was a limitation in the ability to tolerate frequent contact with the general public. [R. 29, 823]. In the decision the ALJ stated: "this is a more limiting limitation than that ultimately stated by Dr. Gordon," but Plaintiff "should be given the benefit of the doubt." [R. 29]. That statement is not accurate as Dr. Gordon expressed the opinion that Plaintiff was more limited than the ALJ acknowledged in the RFC. Dr. Gordon's opinion also included the restriction of following oral one and two step instructions, performing routine and repetitive tasks, and relating to coworkers and supervisors on a superficial basis. These additional opinions contain restrictions the ALJ did not include in the RFC or in the hypothetical questioning of the vocational expert. The ALJ did not comment or make findings about whether the restrictions contained in Dr. Gordon's opinions impact Plaintiff's RFC. Nor did the ALJ comment or make findings about whether the jobs identified by the vocational expert would still be available if Plaintiff were restricted to following oral one and two step instructions, doing routine and repetitive work, and relating to coworkers and supervisors on a superficial basis.

Review of the descriptions contained in the Dictionary of Occupational Titles for the jobs identified by the vocational expert, reveals that most of the jobs identified have a reasoning level two[2] and involve repetitive or short-cycle work. Although the court might

---

[2] Reasoning level 2 is one of 6 levels of reasoning development that are assigned to jobs in the Dictionary of Occupational Titles (DOT). Level 1 is the lowest level and 6 is the highest. Level 2 requires the ability to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT; Appendix C, p. 1011.

conclude that those jobs are not precluded by an RFC that includes Dr. Gordon's opinions, to do so would be to usurp the Commissioner's responsibility to find the facts and would violate the rule against post hoc justification of administrative action. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)(cautioning against the improper exercise of judicial factfinding in the guise of applying harmless error principles). The case must be remanded for the ALJ to address the additional limitations in Dr. Gordon's opinion that were not included in the hypothetical question to the vocational expert.

## Hypothetical Questioning

The Court rejects Plaintiff's contention that the decision should be reversed because the hypothetical question did not include limitations in strength demands. The ALJ referred the vocational expert to Exhibit 8F which unambiguously sets out that Plaintiff has the ability to lift 20 pounds occasionally, lift 10 pounds frequently, stand and/or walk for about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; and the unlimited capacity to push and/or pull, including operation of hand and foot controls. [R. 199, 822].

## Credibility

The Court finds no error in the ALJ's credibility determination. Although the ALJ did not mention the factors set forth in *Luna v. Bowen*, 834 F.3d 161, 163-64 (10th Cir. 1987)*,* the decision demonstrates the ALJ considered relevant factors in evaluating Plaintiff's credibility. Further, the ALJ recited what specific evidence he relied on in considering Plaintiff's credibility as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). As long as the ALJ sets forth the specific evidence he relies on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the

5

evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors. However, the Court may not reweigh the evidence on appeal. The ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record.

## Consideration of Obesity

Plaintiff's assertion that the ALJ failed to take Plaintiff's obesity into account is not supported by the record. At step two, the ALJ noted Plaintiff's obesity as a severe impairment. [R. 20]. In explaining his finding that Plaintiff had the RFC for light work, the ALJ noted Plaintiff's statement that her claim was not predicated on disability from physical impairments. [R. 25]. Plaintiff testified that from a physical standpoint, she could perform a desk job. [R. 786, 787]. The Court notes that the vocational expert identified several unskilled sedentary jobs Plaintiff could perform. [R. 31, 824].

In formulating the RFC, the ALJ acknowledged Plaintiff's obesity and that the State Agency found her limited to light work because of her obesity. [R. 28]. The ALJ stated he found no evidence that would further restrict Plaintiff's exertional level, and therefore found Plaintiff capable of performing work at the light exertional level. [R. 28, 29]. The ALJ's decision thus demonstrates that he considered Plaintiff's obesity and accounted for it by limiting her to light work.

Plaintiff has not pointed to any work-related limitation attributable to her obesity. Plaintiff states that "the major complaint [she] had about her obesity was is [sic] that she

6

is guilty about her weight." [R. 14, p. 2]. It is not clear how Plaintiff's guilt about her weight affects her ability to perform work-related tasks. The Court finds no error in the ALJ's treatment of Plaintiff's obesity.

## Conclusion

The Commissioner's decision is REVERSED and the case is REMANDED to the Commissioner to enable the ALJ to address the limitations contained in Dr. Gordon's opinion: the ability to follow oral one and two step instructions; performance of some type of routine and repetitive task on a regular basis; and to relate superficially with co-workers and supervisors.

SO ORDERED this 28th day of October, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE